CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
for Harrisonburg
DEC 0 5 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| JOHN W. GILBERT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:07CV00075 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SEAN ISHAM, | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

This case involves an action for money damages stemming from the circumstances surrounding the plaintiff's arrest on June 3, 2006 near the Skyline Drive in Shenandoah National Park and his subsequent prosecution on charges of possession of controlled substances and disorderly conduct, that is, knowingly and recklessly engaging in an act that is obscene. The plaintiff has brought this action against the arresting officer asserting claims of false arrest, malicious prosecution, violation of the plaintiff's Fourth Amendment right to be free from unreasonable search and seizure, and denial of the plaintiff's right to a fair trial. This matter is before the court on the defendant's motion to dismiss. For the reasons set forth below, the defendant's motion will be granted.

I.  FACTUAL BACKGROUND

On the afternoon of June 3, 2006, the plaintiff, John W. Gilbert ("Gilbert"), parked his motorcycle at a maintenance utility road on the Skyline Drive in the Shenandoah National Park near the Pass Mountain Overlook. Gilbert proceeded down the fire access road into the forest for some distance and remained there for a period of time. At approximately four o'clock in the afternoon, United States Park Ranger Sean Isham ("Ranger Isham") observed the plaintiff's

motorcycle parked on the side of the road. Ranger Isham proceeded down the maintenance road and observed Gilbert in a clearing some distance from the Skyline Drive. Gilbert alleges that he had been sunbathing and had carried a towel and mirror with him. The defendant, however, reported that he had observed Gilbert kneeling on a towel with his pants and underwear pulled down and engaging in an obscene act. Ranger Isham also reported that he observed a mirror and toothbrush on the towel on which Gilbert had been kneeling.

After questioning Gilbert with regard to his activities, Ranger Isham performed a pat down search of the plaintiff. During that search, Ranger Isham discovered a pipe and a small amount of marijuana in Gilbert's pocket. The parties then returned to the main road where Gilbert's motorcycle was parked. Ranger Isham placed Gilbert under arrest for disorderly conduct and possession of marijuana and proceeded to conduct an inventory search of the plaintiff's motorcycle. During the search, the defendant also retrieved a water bong from the backpack attached to the back of Gilbert's motorcycle. The motorcycle was then impounded and towed.

Inasmuch as the two offenses charged by Ranger Isham were class B misdemeanors, Gilbert came before a United States Magistrate Judge for a petty offense hearing on August 1, 2006. The plaintiff appeared pro se after the magistrate judge denied his request for an attorney based upon the representation of the attorney for the government that he would not be asking for any penalty which would justify the appointment of an attorney on Gilbert's behalf. Both Gilbert and Ranger Isham testified at the hearing, and Gilbert had the opportunity to cross examine Ranger Isham. No other evidence was presented.

Ranger Isham specifically testified that he discovered Gilbert's motorcycle blocking one

2

of the maintenance utility road gates off the Skyline Drive, that he proceeded approximately 100 meters down the road, and that he then observed Gilbert approximately 75 feet away from him kneeling on a towel and masturbating. See Transcript of Petty Offense Hearing attached to Plaintiff's Complaint at 5. Ranger Isham also testified that the presence of the mirror caused him to suspect the involvement of drugs and that he had patted Gilbert down for weapons after Gilbert responded in the affirmative to the defendant's question about whether he had been masturbating. Id. at 6. Ranger Isham then testified that Gilbert initially pulled away from him during the pat down for weapons, but then admitted that he had a small amount of marijuana in his pocket. Id. at 7. Ranger Isham testified that he discovered the marijuana as well as a marijuana pipe in the plaintiff's pocket. Id. at 7. Ranger Isham also testified that during his inventory of Gilbert's motorcycle after the plaintiff's arrest for disorderly conduct, he discovered a water bong in the pack on the back of the vehicle and took Gilbert into custody at that time. Id. at 8.

Gilbert testified that he had not been masturbating but had been sunbathing and was intimidated by Ranger Isham's manner and statements prior to the pat down for weapons. Id. at 10-11. The plaintiff also testified that he had been zipping up his jacket when Ranger Isham approached him and that he had a towel with a mirror on it. Id. Gilbert testified that, when Ranger Isham asked him whether he were masturbating, he "did not say yes and I did not say no." Id. at 12. The plaintiff then testified, in response to a question from the attorney for the government, that he had the mirror with him to be sure that his back was not becoming sunburned while he was attempting to get a base tan and that he had not been indecently exposed at any time. Id. at 12-13.

3

The magistrate judge found that Gilbert's explanation was incredible and farfetched and held that Ranger Isham had probable cause to stop and question Gilbert. Id. at 16. The magistrate judge also found that Ranger Isham had the right to pat Gilbert down for his own protection and that the drugs found on Gilbert's person were properly discovered. Id. at 16-17. The magistrate judge then found Gilbert guilty of both disorderly conduct and possession of a controlled substance and imposed a fine of $100 as to each count. Id. at 17-18. The plaintiff has made no allegation that he attempted to appeal these convictions.

Gilbert has now filed this pro se action claiming that Ranger Isham lied with regard to the events which took place on June 3, 2006 and that, therefore, the defendant lacked probable cause to arrest him resulting in a false arrest, violated his Fourth Amendment rights through an improper search and seizure, committed malicious prosecution based upon his false statements and ultimately denied the plaintiff the right to a fair trial. The defendant has filed a motion to dismiss all of the plaintiff's claims based upon the defense of collateral estoppel which is asserted pursuant to Federal Rule of Civil Procedure 8(c).

## II.   STANDARD OF REVIEW

Although the defendant states that he has filed his motion to dismiss pursuant to Federal Rule of Civil Procedure 8(c), the court notes that Rule 8(c) pertains only to the proper pleading of an affirmative defense. Based upon the relief requested by the defendant and the basis for that relief, the court will treat the defendant's motion to dismiss as one for failure to state a claim under which relief could be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court must determine "whether the complaint, under the facts alleged and under any facts that could be proved in support of the

4

complaint, is legally sufficient." Eastern Shore Market, Inc. v. J.D. Assocs. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). The court should not dismiss a complaint for failure to state a claim, unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The plaintiff in this case has attached certain documents as exhibits to his complaint, including the criminal complaint, the defendant's Case Incident Report Narrative, a transcript of the August 1, 2006 petty offense trial before the magistrate judge, and a narrative of the relevant events composed by Gilbert himself. The court may properly consider those documents in this case without converting the motion to one for summary judgment. See American Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (holding that a court may consider certain extrinsic evidence in ruling on a 12(b)(6) motion if it was "integral to and explicitly relied on in the complaint" and the opposing party does not challenge its authenticity).

The defendant asserts that the affirmative defense of collateral estoppel bars the plaintiff's claims in this case. Typically, however, "[a] Rule 12(b)(6) motion [] does not generally invite an analysis of potential defenses to the claims asserted in the complaint." Eastern Shore Markets, Inc. v. J.D. Associates, Ltd., Partnership, 213 F.3d 175, 185 (4th Cir. 2000). Nevertheless, a court may properly consider a defense to a claim on a Rule 12(b)(6) motion if "the face of the complaint clearly reveals the existence of a meritorious affirmative defense." Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996).

### III.  DISCUSSION

As previously stated, Ranger Isham asserts that all of the claims set forth in Gilbert's complaint are barred by collateral estoppel because all of the facts that relate to those claims were
5

previously considered and adjudicated in the petty offense proceeding before the magistrate judge. The doctrine may apply in cases involving allegations of violations of a plaintiff's constitutional rights related to issues litigated in prior criminal proceedings. Allen v. McCurry, 449 U.S. 90, 105 (1980). In the ordinary situation, the doctrine of collateral estoppel operates to preclude "relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate." Virginia Hosp. Ass'n v. Baliles, 830 F.2d 1308, 1311 (4th Cir. 1987). In order for collateral estoppel to apply, the proponent must establish that (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue was actually determined in the prior proceeding; (3) determination of the issue was a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom preclusion is asserted must have had a full and fair opportunity to litigate the issue in the previous forum. Eddy v. Waffle House, Inc., 482 F.3d 674, 679 (4th Cir. 2007); Sedlack v. Braswell Services Group, Inc., 134 F.3d 219, 224 (4th Cir. 1998).

Gilbert's complaint specifically asserts the following claims: (1) a violation of the plaintiff's rights under the Fourth Amendment by the defendant's search and seizure of Gilbert without probable cause; (2) false arrest for disorderly conduct based upon the defendant's allegedly false statements; (3) malicious prosecution based upon the defendant's allegedly false statements in his Case Incident Report Narrative; (4) malicious prosecution based upon the defendant's allegedly false testimony against Gilbert in the petty offense trial; and (5) denial of fair trial rights based upon the defendant's allegedly false statements and the allegedly improper

search and seizure. Essentially, Gilbert contends that Ranger Isham did not see him engaged in any obscene conduct; had no basis for Gilbert's arrest for disorderly conduct, and therefore no basis for the pat down search in which Ranger Isham discovered marijuana; and that the defendant subsequently lied that he had seen Gilbert masturbating, both in his Case Incident Report Narrative supporting the criminal complaint and during his testimony at Gilbert's petty offense trial. These allegations are the basis for all of Gilbert's claims in his complaint.

The court finds that the identical factual issues were set before the magistrate judge during the petty offense trial. Both Gilbert and Ranger Isham had the opportunity to testify with regard to their conflicting versions of the events which took place on June 3, 2006. Gilbert stated that he had not been masturbating, however Ranger Isham testified that he had observed Gilbert engaged in such conduct. The magistrate judge was compelled to make a credibility determination with regard to the contradictory testimony of Gilbert and Ranger Isham at the hearing.

Ultimately, the magistrate judge actually determined that the defendant's testimony was more credible and stated that:

> I find that you were doing exactly what he said you were doing, beyond doubt, because your explanation is just incredible. I find you guilty of that.

See Transcript of Petty Offense Hearing attached to Plaintiff's Complaint at 16. The magistrate judge also went on to actually decide that Ranger Isham had the absolute right to pat Gilbert down in such a contact and that he properly discovered marijuana on Gilbert's person. Id. Therefore, the magistrate judge found Gilbert guilty of the possession of controlled substances as well. Id. at 17.

7

The court also finds that the magistrate judge's decisions with regard to the validity of the search and the veracity, or lack thereof, of Ranger Isham's and Gilbert's contradictory stories with regard to the events of June 3, 2006 were critical and necessary determinations to support Gilbert's convictions and were the central issues at Gilbert's trial. In fact, even the plaintiff himself admits that the magistrate judge ruled as he should have, assuming that the defendant's statements were factual. Inasmuch as the plaintiff has not appealed his August 2006 petty offense convictions, the court finds that those determinations are now final and binding.

The final determination the court must make before finding that the doctrine of collateral estoppel will apply to bar the plaintiff's claims in this case is whether Gilbert received a full and fair opportunity to litigate the relevant issues during the trial before the magistrate judge. See Allen v. McCurry, 449 U.S. 90, 95 (1980) (holding that the doctrine of collateral estoppel will not apply if the "party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate that issue in the earlier case"). The plaintiff claims that he did not have a full and fair opportunity to litigate the relevant issues during the trial because he was denied the right to have counsel appointed to represent him, he was not able to exercise his right to subpoena witnesses to testify on his behalf, and he was denied his right to a jury trial. These arguments are unavailing. A criminal defendant has no right to a jury trial in a petty offense proceeding. Blanton v. City of N. Las Vegas, 489 U.S. 538 (1989). Neither does such a defendant have the right to counsel during a petty offense prosecution unless he is sentenced to a period of incarceration. United States v. Pollard, 389 F.3d 101, 103 (4th Cir. 2004). Gilbert was only required to pay a fine for each charge for which he was convicted. As the government notes, Gilbert did have the opportunity to testify at his trial, to cross-examine Ranger Isham, and

to make argument on his own behalf. Therefore, the court finds that the plaintiff did have a full and fair opportunity to litigate all of the relevant issues in the previous forum and that the doctrine of collateral estoppel does apply in this case.

Although the issue was not raised by the defendant in this case, the court notes that Gilbert's constitutional claims would also be barred by the rule announced in Heck v. Humphrey, 412 U.S. 477 (1994). In Heck, the Supreme Court stated that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck, 412 U.S. at 486-87. Therefore, "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90. As the Fourth Circuit has noted, however, Heck will bar such constitutional claims only when a judgment in favor of the plaintiff on that claim "would *necessarily* imply the invalidity of his conviction or sentence." Ballenger v. Owens, 352 F.3d 842, 846 (4th Cir. 2003) (emphasis in original); Young v. Nickols, 413 F.3d 416, 417 (4th Cir. 2005).

In this case, Gilbert's claim that his Fourth Amendment rights and his right to a fair trial, presumably under the Sixth Amendment, were violated would necessarily imply that his conviction was invalid. The magistrate judge found Gilbert guilty of disorderly conduct and possession of a controlled substance because he determined that Ranger Isham's testimony, rather than that of Gilbert, was more credible and that the search and seizure was proper.

9

Gilbert's claims are all based upon the assertion that Ranger Isham was untruthful and that the search was improper. If Gilbert were to succeed on his claims, that victory would necessarily imply that the magistrate judge's findings were in error and that Gilbert's conviction was invalid. As a result, those claims would be barred by Heck. Likewise, the plaintiff's malicious prosecution and false arrest claims would also not accrue unless and until the criminal proceedings against him terminated in his favor. See Heck, 512 U.S. at 489.

IV. **CONCLUSION**

Based upon the foregoing, the court finds that collateral estoppel bars all of the plaintiff's claims in this case because the factual issues supporting those claims were actually litigated and decided in the defendant's favor in the prior proceeding before the magistrate judge during which the plaintiff had a full and fair opportunity to litigate. Furthermore, the existence of this affirmative defense of collateral estoppel is readily apparent from the face of the complaint when considered with the documents attached to that complaint by the plaintiff. Therefore, the court will grant the defendant's motion to dismiss.

The Clerk of Court is directed to send certified copies of this Opinion and the accompanying Order to the plaintiff and all counsel of record.

ENTER: This 5th day of December, 2007.

/s/ Glen Conrad
United States District Judge